I concur with the majority that we should overrule Derosett's first and third through eleventh assignments of error. But I dissent from the disposition of Derosett's second assignment of error and thus from the majority's judgment that affirms Derosett's adjudication as a sexual predator. Because I believe the record does not meet the statutory standard which demands clear and convincing evidence that Derosett was likely to engage in the future in one or more sexually oriented offenses, I would sustain the second assignment of error and vacate the court's predator declaration.
I start by looking to the statute. "Sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). To determine whether Derosett was a sexual predator, R.C. 2950.09(C)(2) directed the trial court to consider all relevant factors, including, but not limited to, all the factors specified in R.C. 2950.09(B)(2). "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of [R.C. 2950.09] and the factors specified in division (B)(2) of [R.C. 2950.09], the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3)
In this case, Derosett entered guilty pleas in 1983 to two counts of rape, R.C. 2907.02. a sexually oriented offense under R.C. 2950.01(D)(1). Seven other rape counts were nolled. The majority's charitable description of the April 1998 predator "hearing," however, does not do justice to the record before us.
The five-page transcript of that "hearing" consists of the prosecutor's one-page narrative statement and the defense counsel's one-page narrative response and two-page objection to the constitutionality of this proceeding. The court itself indicated only that the matter was "heard and submitted" and that a decision would be forthcoming. The court did not identify which if any factors it credited either during the predator hearing itself or in the court's pre-printed boilerplate journal entry that required only the defendant's name and the judge's signature.
The record itself is no more persuasive. I acknowledge that Derosett's two 1983 convictions apparently involved the rape of an eleven-year-old child in December 1981 and the rape of a thirteen-year-old child on February 16, 1982. The prosecutor disclosed that Derosett's offenses involved oral sex with his stepdaughters. The majority apparently attaches probative value to the seven other counts dismissed in 1983 which alleged conduct that occurred over a period of time from May 1979 until November 1982 involving these same victims. But I do not understand how these unproven 1983 charges offer clear and convincing evidence that as of April 1998 Derosett "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Surely some evidence must be available after fifteen years of incarceration to answer whether Derosett currently has a propensity to commit a sexually oriented offense. Neither the prosecutor nor the court, however, identified such evidence.
It is all the more remarkable to see the majority state as fact and law that Derosett "continued to rape [his stepdaughters] over a period of three and a half years; that the continuing nature of this conduct demonstrated an ongoing pattern of abuse; that the abuse of his parental authority as their stepfather by raping his own stepdaughters displayed cruelty and placed them in a position where they could not resist his advances nor avoid his presence." Ante at 7-8. The majority convicts Derosett of nolled criminal charges and does so solely on the basis of the prosecutor's mere recitation of the indictment and review of this fifteen-year-old file, and the prosecutor's statement itself lasts for all of one solitary page of the hearing transcript. This is not a case where the judge tried the defendant and remembered the details, of the offenses. This is not a case where a victim impact statement or pre-sentence report provided pertinent information about the offenses or the defendant. All the court had before it was the name and date of fifteen-year-old charges. That just is not enough.
The record here does not contain clear and convincing evidence that Derosett is likely to engage in the future in one or more sexually oriented offenses. Accordingly, I would sustain Derosett's second assignment of error and vacate the trial court's adjudication of Derosett as a sexual predator.